PARKER *et al. v.* BELCHER *et al.*

1. The plaintiff in a pending suit having two counsel employed to represent him, the absence of himself without leave of the court, and of his leading counsel with leave when the case was regularly called for trial, will not entitle him to have the verdict and judgment set aside at a subsequent term, one of his counsel having been present when the case was called and disposed of and having made no motion for a continuance because the leading counsel was absent or upon any other ground.

2. A verdict and judgment for costs alone against the plaintiff will not be set aside upon the ground that the court in which his action was brought had no jurisdiction of the subject-matter of the suit.
   April 20, 1891.

Practice. Judgments. Jurisdiction. Before Judge RICHARD H. CLARK. Clayton superior court. September term, 1890.

The error alleged is, that the court below refused to vacate a verdict and judgment in favor of the defendants in the case of T. W. Parker and wife against H. C. Belcher and J. L. Blalock. The action brought by the Parkers was complaint for land, and the abstract of title relied on was "a homestead filed in the ordinary's court on the 10th day of Feb'y, 1874, and recorded in Book B, page 10, February, 1874, in which schedule said land is

claimed and set apart to the plaintiffs as a homestead."
The action was brought to the spring term, 1887. The
verdict was rendered March 15, 1889, and the petition
to set aside this verdict and judgment was not made
until February, 1890. The petition was upon the fol-
lowing grounds : The plaintiffs attended the March
term, 1889, of the court, to prosecute the case, from the
first day of the court until Tuesday of the second week,
and having left at home some sick children who needed
their attention, T. W. Parker asked the judge when he
thought the case would be reached for trial. The judge
replied that there were seven cases set ahead of the case
in question, that it would take the remainder of the day
to finish the case then on trial, that on the next
day the criminal docket would be taken up, that John
I. Hall, Esq., the leading counsel for plaintiffs, had
leave of absence for the remainder of the term, and that
they might go home. After this interview the plain-
tiffs went home, and had no notice that the verdict had
been rendered until September, 1889, too late to move
to set it aside at that term ; the verdict was without
their knowledge or consent, and attorneys had no
authority from them to enter into the trial of the case
or allow a verdict. The court had no jurisdiction of
the case, as at that time none but courts of equity had
jurisdiction in suits for the recovery of homestead prop-
erty, and plaintiffs did not know what kind of action
their attorneys had filed, or what kind of action would
be necessary, having left said matter to their attorneys,
and being illiterate. John I. Hall was the counsel
mainly relied on by them, was leading counsel, and was
under leave of absence when the case was passed on.

Upon the hearing of the motion, there was testimony
by Parker that John I. Hall and W. L. Watterson were
his attorneys ; that he asked the presiding judge if the
case would come up, and the judge told him there were

seven cases ahead of it, and the criminal docket would be taken up the next morning and he would not be likely to reach the case at that court, that he gave the leading counsel, Hall, leave of absence and reckoned they would not try it; that Hall was the leading counsel; that Watterson was first employed, and said, if Parker would give him the case, he would employ Hall to help him; that Hall was at the court a part of the time in March, 1889, and had leave of absence to go to another court and went away Tuesday of the second week; that Parker had no recollection of Watterson telling him not to go off; that he (Parker) came back on the first day of the September term, 1889, and was present three or four days and found the case had been tried, and did not recommence the suit because he did not know what to do about it. There was further evidence that Hall got leave of absence to attend Butts superior court, and when he returned, found that this case had been disposed of; that he had conferred with Parker and Watterson about the case and expected to take part in the trial; that Parker told Watterson he was going home, and Watterson told him not to go, as the case might be reached at any time, this being not more than an hour before the case was called; that Parker went off without any statement, and as Watterson's fee was conditional and the other side pressing for trial, he supposed that by Parker going away he was to be defeated in everything; that Watterson did not resist the hearing of the case on account of Hall's absence, and consented to the verdict, the other side proposing to settle his fee; that he stated that he had absolutely prohibited his clients going off and it was their duty to stay; and that neither Hall nor Watterson ever received anything from Blalock, Watterson receiving nothing because he afterwards found he was under a misapprehension about it. The minutes of the court show that the

case was taken up on Friday, the last day of the March term, 1889, and that orders for other proceedings in criminal matters were entered after the judgment in this case. The presiding judge states as his recollection of the facts the following : He did not take the responsibility of giving Parker leave of absence, but told him the prospect was that the criminal business would take the balance of the term, and probably expressed the opinion that it would; he said, if Hall was Parker's leading counsel, it would not be taken up during his absence. This being the state of facts, he left it to Parker's discretion whether Parker could safely leave. The judge did not know whether Hall was leading counsel. When the case was reached, it was in regular order; Watterson represented movants, and made no motion to continue or postpone because Hall was absent and was leading counsel, and no statement to such effect was made. The statement that the case was called before the end of the criminal business is a mistake. The judge inspected the original declaration and found it signed first by Watterson, who then added in his (Watterson's) handwriting the names of Hall & Hammond, Watterson being local counsel and Hall & Hammond residing without the county. Movants allowed the next term of the court to pass without making the motion. On the above state of facts known to the judge, as well as those testified to, he denied the motion to reinstate.

J. A. ANDERSON, J. B. HUTCHESON and T. P. WESTMORELAND, for plaintiffs.

STEWART & DANIEL and R. T. DORSEY, for defendants.

BLECKLEY, Chief Justice.

1. A suitor in the superior court has no right to consult the judge while off the bench for his opinion as to when the case will come on for trial, or as to what will be done with it when it does come on. The sayings and doings of the judge in such an interview are extra-

judicial, and cannot be treated as announcements or rulings of the court. It is manifest that Mr. Parker had no leave of absence. Not only so, but he was expressly warned by one of his counsel not to absent himself. He nevertheless went home, and thus failed to be present when his case was called and brought on for trial. The counsel present made no motion for a continuance on the ground that associate counsel was absent with leave of the court, or on any other ground, but finding himself abandoned, as he supposed, by his clients, consented that a verdict might be taken in favor of the opposite party, the defendants in the action. The sole question of any difficulty presented by the evidence adduced on the hearing of the petition to set aside this verdict and the judgment for costs founded thereon is whether the agreement of the opposite party or counsel to pay the fees of the plaintiffs' counsel tainted the consent with fraud as against the plaintiffs. But this question is not covered by the petition. The petition does not rest on the ground of fraud, but expressly alleges " that said case was called and the verdict rendered therein through inadvertence and after petitioners had been discharged from further attendance on said court." According to the facts in evidence, this allegation is simply untrue. There was no inadvertence, but average attention to everything that was done, and the plaintiffs had not been discharged from further attendance on the court. That one of their counsel was absent with leave of the court, though he was the leading counsel and the one mainly relied on, was no reason for granting a continuance not applied for in due time and manner, there being one counsel present and undertaking to conduct the cause. A proper showing has to be made where the leading counsel is absent, even though his absence be occasioned by providential cause. Code, §3525.

2. It can hardly be seriously contended that a verdict

and judgment for costs only should be set aside merely because rendered against the plaintiffs in a suit brought by them in a court having no jurisdiction of the subject-matter. If they are not liable for the costs of their own action, who is liable? Their redress, if any, is against their attorney for bringing action in the wrong court. We do not say that this was done, but simply rule on the question as made. Indeed, this ground is not only without affirmative merit, but, assuming it to be true in fact, its effect would be to negative or neutralize any reason whatsoever for reinstating the case. Why should the court resume the exercise of jurisdiction if it had no jurisdiction at first?

There was no error in denying the prayer of the petition to set aside the verdict and judgment.

*Judgment affirmed.*